IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony York,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Carolina A. Loos, Unnamed Male Officer, Police Chief Dale Long,<br><br>　　　　　Defendants. | C/A No.: 4:25-cv-8050-SAL<br><br><br>**ORDER** |

  Plaintiff Michael Anthony York, proceeding pro se and in forma pauperis, filed this civil action against the named defendants—two police officers and their chief. [ECF No. 14.] This matter is before the court for review of the Report and Recommendation of Magistrate Judge Thomas E. Rogers, III (the "Report"), ECF No. 14, recommending that this case be summarily dismissed as to Defendant Police Chief Dale Long. Plaintiff objects. [ECF No. 18.] For the reasons that follow, the court adopts the Report, overrules Plaintiff's objection, and summarily dismisses this case as to Defendant Long.

**STANDARD OF REVIEW**

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district

1

court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report summarizes the relevant facts and standards of law, and the court incorporates that discussion without full recitation. As explained in the Report, Plaintiff's claims arise out of an incident where he alleges he was patted down by police officers,[1] arrested, and booked into a detention center without probable cause or a warrant. [ECF No. 14 at 2–4.] Although the arrest

---

[1] The police officers, Carolina A. Loos and an unnamed male officer, are named defendants in this action. The magistrate judge has authorized service against them. *See* ECF No. 13.

was quickly expunged, Plaintiff claims his Fourth Amendment rights were violated, and he suffered damages. The magistrate judge recommends dismissal of Defendant Long because Plaintiff fails to allege sufficient facts as to his involvement in the matter. *Id.* at 3–4. The court agrees with the magistrate judge's assessment.

Since Plaintiff alleges Fourth Amendment claims against law enforcement officers, his case is properly brought under 42 U.S.C. § 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). With respect to Defendant Long, Plaintiff claims that he had to have known Plaintiff's record was being expunged because he is head of the department, and the two arresting officers could not expunge a record without the police chief knowing. [ECF No. 1 at 6.] In Plaintiff's objection to the Report, he states that because the arresting officers did not have the authority to expunge, someone else had to first request the expungement. [ECF No. 18 at 2.] Plaintiff assumes Defendant Long knew about it or is somehow liable because he is the "team leader." *Id.* Such speculation is insufficient to establish Long "had personal knowledge of *and involvement in* the alleged deprivation of [his] rights . . . ." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (emphasis added). Even assuming Defendant Long coordinated the expungement, Plaintiff's allegations do not show that Long caused Plaintiff any harm related to the alleged false arrest/search/seizure by other defendants. [ECF No. 14.]

In his objection, Plaintiff references his First Amendment right to petition the government to redress a grievance and his Fifth Amendment right to due process, and he claims these rights were violated due to the expungement of his record and destruction of key material. [ECF No. 18 at 2.] These allegations are not part of his Complaint, and parties "may not raise new arguments

3

for the first time in objections" to a magistrate judge's Report. *Erickson v. Jernigan Capital, Inc.*, 692 F.Supp.3d 114, 120 (S.D.N.Y. 2023).

Further, Plaintiff quotes a footnote from *West v. Atkins*, 487 U.S. 42 (1988), arguing, "[A] state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such encouragement, either overtly or covertly . . . ." [ECF No. 18 at 3 (quoting *West*, 287 U.S. at 52 n.10).] But this law does not bear on the reasons for Defendant Long's dismissal.[2] Plaintiff has failed to allege personal involvement by Defendant Long, so he is subject to summary dismissal.

Under a de novo review, the court agrees with and adopts the reasoning of the magistrate judge, overrules Plaintiff's objections,[3] and summarily dismisses Defendant Long without prejudice.

---

[2] *West* involved a physician who was under contract to provide orthopedic services at a state-prison hospital. This particular footnote clarified when a private party may be held liable under § 1983 and when their activity constitutes state action. It is inapplicable to this case and Defendant Long.

[3] To the extent the remaining objections are general objections, they do not require de novo review by this court. *See Elijah*, 66 F.4th at 460 ("Just as a complaint stating only 'I complain' states no claim, and objection stating only 'I object' preserves no issue for review.'" (internal quotations omitted)). The court finds no clear error in the Report, and Plaintiff's general objections are thus overruled.

## CONCLUSION

After a de novo review of the Report, the applicable law, and the record of this case, the court overrules Plaintiff's objection and adopts and incorporates the Report. ECF No. 14. Accordingly, the claims against Defendant Long are **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. This matter remains referred to the magistrate judge as it relates to the remaining defendants.

**IT IS SO ORDERED.**

February 5, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge